This video was made in Cooperation with the U.S. Department of State. No part of this recording may be reproduced   without Mooji Media Ltd.'s express consent. In addition, the Board did address the informed consent issue in its holding. Of course, as I read the Board's decision, it seemed to me that the Board certainly appreciated that informed consent was a factor and simply concluded that there was informed consent based on the fact that there were little snippets of information in the record to indicate that there was consent. Now, there was no direct reference to a signed statement of informed consent. The document was missing. And I think everybody now certainly acknowledges that that was the case. But the Board's decision or let me restate this. In what way did the Board err when the veteran didn't specifically say that the written document with informed consent was missing, didn't say anything specifically other than I wasn't properly informed of all the risks, and the Board simply concludes based on all of the evidence that there was informed consent? Well, in A19 of the Board's holding, it stated that there was no medical evidence of record indicating that the veteran lacked informed consent. And that contradicts actually what the record holds, where there's a document at that time that states that there was no medical evidence of informed consent. Prior to that time, had you argued that the informed consent was missing? No. From the record, it does not appear that way. The first time you argued that was in the reply brief to the Veterans Court, right? I respectfully disagree. We raised that argument at least in our opening brief. Where? A384, consent was not obtained in accordance with VA's regulation. Where does it say that? Where on 384 anyway? The title of the part was consent was not obtained in accordance with VA's regulation. Oh, sorry, A384. 384. So the error you are asserting, the administrative error, is the statement by the Board that there's no medical evidence of record showing that the Veterans Court's VA treatment was faulty or lacked informed consent. Correct. And in addition to the fact that, if that's not the case, it discounted the signature consent evidence. It's the negligence per se theory that you didn't raise until you filed your reply brief, correct? We raised that argument at the earliest possible opportunity. Which was your reply brief? We referred to it, at least inherently, at least within our original brief. And in response, the Secretary, in its response, stated that we had not raised that argument previously before the Board. We have a remand before us. Why should we view you as a prevailing party in a remand situation? Because it involves the interpretation of 7104, which requires that the Board make its decisions based on the entire record and in consideration of all applicable law and regulations. It does not place the burden on Mr. Green to make that argument. It specifically places the burden on the Board to provide that evidence or to provide its holding based on the entire evidence by stating that the Board's decision shall be based on the entire record. Yeah, but the problem is that I don't see that you raised that argument before the Veterans Court, nor do I see that the Veterans Court based its decision on that argument. I respectfully disagree that we did, in fact, raise that argument before the Board. Where is that argument about the Board's failure to consider the entire record made before the Veterans Court?  A517, Your Honor. No, but that's the attorney's seat. If he keeps trying to refer the attorney's seat, that doesn't matter. The question is, was this argument raised the first time around to the Veterans Court? I respectfully submit that we didn't have to. That's not my question. My question is, did the veteran raise the argument? At the merits stage, yes, we did, Your Honor. A427 to 428, you specifically referred to the statute. According to the law, 428, oh, sorry, 428, 429, I apologize. Yes. The opening was the... Let me see if I can help out. Other than an inherent argument, did you make a clear and concise argument on this issue in your opening brief? Any opening brief at the merits stage? Yes. We stated specifically that the Board had failed to comply with its duties. I believe it's 380. We stated specifically, at least there, that the Board has implemented 1151 with the regulation. It appeared based on the record that the Board did not follow the applicable law and regulations that it was required to. Section 360, sorry, the VA number regulation 3.361 requires that the VA provide, that there's three prongs to that regulation. One of which specifically identifies section 17.32, the VA's uninformed consent regulation. Now, section 17.32 identifies situations in which oral or signature consent is required. And according to, and for procedures like Mr. Green's heart catheterization procedures, riskier procedures that is, signature consent is required in order for... I don't see that that argument was made before the Veterans Court in the opening brief. I respectfully submit that it was two different phases. The first round of briefing was with respect to the, whether there was a lack of informed consent. The EJ application is where it became applicable and whether there was... Let me see if I can help clarify what my concern is. It seems to me there are two possible agency errors here. One was the failure to consider the entire record and perform the duty to assist. The other one is to fail to address and adjudicate the lack of informed consent. Either one of those might be an agency error, right? So, are you alleging that both of those were agency errors here or just the first? But it seems to me that as to the first one, as to the duty to assist, I don't see that at the merit stage that argument was made to the Veterans Court. We respectfully submit that it's inherent within this opening brief and that at this stage of the merit stage we did not have to address that there was a... What does inherent mean? It's in there somewhere? It wasn't raised, but it worked in the background? We argue specifically that the Board failed to address the lack of signature consent and failed to meet its duty in order to satisfy its burden under Section 7104. That is to make its decisions based on the entire record and make its decisions based in consideration of all applicable law and regulations. We continually refer to these regulations within this brief. It seems to me that at least the passage on 380 and 381 may support what you just said, but like Judge Dyke, I still fail to see where there is any argument at all presented with respect to the duty to consider the entire record. And I don't think you explicitly said that anywhere. Certainly there's nothing that I read that suggests that. Maybe there's some inherent duty, but that was not argued. Unless there's something else you can point to. Well, I see my time is almost up. Well, that's okay. Just if there's something else you can point to, that's fine. A-376 indicates that the Board appeared to rely on the VA's clinical discharge summary which states informed consent was obtained even though the record failed to include any signed consent forms. The record there, I believe that corresponds to A-201. So there's nothing explicit about the duty to consider the entire record. All right. We'll give you a couple of minutes if necessary for rebuttal, and let's hear from the Governor. Good morning, Ms. Devine. Take your time. May it please the Court. It's important to understand what really happened in this case before the Board and the Veterans Court. The Board did, in fact, discuss and make a finding with regard to the informed consent issue. The Board considered the evidence of record in accordance with 38 U.S.C. 3.361D and determined that there was informed consent in Mr. Green's case. On his appeal to the Veterans Court before the remand order to the Board was issued, Mr. Green argued that the Board should have performed a different analysis of the matter of law with regard to the informed consent issue, that 3.361D in combination with 17.32 as a matter of law required a finding of negligence if a form was missing from the hospital or medical file. This involved an interpretation of the agency's regulations. Mr. Green did not claim that failure to interpret the regulations in the legal manner he proposed constituted a violation of the duty to assist before the Court issued its remand order. So maybe he didn't argue the duty to assist, the difficulty pointing out to us where that happened. But he's saying alternatively, look, we argued that the informed consent finding was wrong. That was a question of agency error, which we raised before the Veterans Court at the merit stage. So why is he wrong about that? Well, the Board did actually, in fact, consider the informed consent issue. And this is separate and apart from the legal issue of the interpretation of the regulations. Now, the interpretation of the regulations as a legal matter as to whether 17.32, in fact, required a finding of negligence under 3.361D is a separate question. In fact, that question was the one raised before the Veterans Court. And that question, as a matter of law, was not raised before the Board in the first instance. And in this circumstance, the Veterans Court could have passed on that issue, could have considered it before. It could have also not considered the issue because it wasn't raised below. But in fact, what the Veterans Court did in this case is said, well, there's this legal question. As a matter of prudence, we're not going to judicial review here on the merits. It's premature. We're going to allow the Veteran to consider this issue in the first instance. The Veteran should present this to the Board in the first instance and allow further consideration for the Board to pass on this issue. But isn't the statement made on A-19 that there's no medical evidence of record showing that the treatment lacked informed consent incorrect? That there's no medical evidence that would, in fact... It's like a double negative, I realize. But nonetheless, there was no written consent form found at the time in the record. And doesn't that suggest that perhaps there wasn't consent? Well, there's many parts of the record. In fact, the double negative is difficult to say. But there are many parts of the record. In fact, the only parts of the record that refer to informed consent state that although the record was not in the hospital medical file, first of all, that there was a doctor there to take his informed consent. Second of all, there's twice in the record in the heart catheterization report that stated that informed consent was obtained. And in response to questions by the regional office to the hospital, there was evidence that indicated that the form was sent home with the Veteran, with Mr. Green. There's no evidence that stated that he didn't sign a consent form. And there's no evidence that would state that he did not, in fact, provide informed consent. Now, again, the double negative. But there's no evidence that would indicate that the form wasn't signed. But really, what the issue here is, we're getting to a legal interpretation question. If you look at 3.361D, the statute says that the board will consider substantial compliance with 17.32. 17.32 states that the medical professionals of the VA are required to obtain signed informed consent. Now, in fact, there is another section of 17.32 that states that that form should be included in the hospital file. But the fact that that's included in 17.32 does not necessarily make, as a matter of law, 3.361D a finding of negligence. That would be an interpretation of the regulation that the board could, in fact, make. And, in fact, the Veterans Court could, in fact, make. The Veterans Court, in this case, stated that it would not reach the judicial review on the merits because it was premature on this particular legal issue and allow the veteran to present that issue. But it seems to me you may be parsing the legal issue in too fine a manner. What I understood the Veterans Court to be saying was he didn't raise the informed consent issue before the board. He raised it for the first time on appeal here. We're going to, as a matter of discretion, send it back to the board to address that issue. If you look at the remand order itself, the Veterans Court stated, not that he had not raised informed consent, but he had not raised the issue of negligence per se. Which is negligence per se would mean that 17.32, when the board considered substantial compliance with 17.32 as bearing on the issue of negligence, whether that particular circumstance would, as a matter of law, negligence per se, create negligence under 3.36. If you look at A4, which is the attorney's fees decision, the court says at the bottom of the page, for the first time on appeal to this court, the appellate raised the theory that surgery was performed without his informed consent. Right? So they're basically saying that there was no agency error alleged because, properly alleged, because that issue was raised for the first time on appeal to the Veterans Court, and that they, as a matter of their discretion, were sending it back to the board, even though he hadn't properly raised the issue. No? Correct. And perhaps this decision was not as artfully crafted as it could have been, but you have to be reading this in combination with what the remand order actually said. The remand order didn't make this finding of failure to raise informed consent. The remand order stated negligence per se was not raised before the board. Are you saying that he did raise informed consent before the board? Yes, he did raise 17.32 as being a requirement, but what the Veterans Court found in the remand order was not that he raised informed consent for the first time. The argument was that whether the this is a legal issue. It's different than the legal, factual issue. So he raised informed consent, but he didn't argue that it was negligence per se? Isn't that expecting a lot of a pro se, even though he had a union or whatever, a veterans representative? Right. The standard under 3.361 is that the board will consider different pieces of evidence on the record, including the signed informed consent issue. There's no evidence that the board didn't consider that. The question is whether, as a matter of law, the board was required to find that there was negligence. So if you have a situation where you have a missing informed consent form, does that, standing alone, constitute evidence that informed consent was not obtained? And in this situation, if there was other consideration, other evidence considered, what were they? The other considerations would be looking at the rest of the record, which indicated that informed consent was obtained and the regional office, though he contacted the hospital, the hospital stated that that form was sent home incorrectly with the veterans. So don't those issues have to be resolved first before we have a negligence per se issue to raise? Well, in accordance with Newhouse v. Nicholson, the board is presumed to consider all evidence on the record. So in doing an evidentiary decision, there's no evidence. And in fact, it's Mr. Green's burden to show prevailing parties. There's no evidence that they didn't consider the lack of informed consent when making its overall factual determination. This is a different issue. This is a different issue. This is an issue where it was not the overall evidence. It was not the consideration of the overall evidence. It was the weight that was provided, certain, the fact that the informed consent was not in the hospital records. Let's see, what this boils down to, it seems to me, is you're agreeing that he raised the informed consent issue, but that that wasn't sufficient to raise the negligence per se issue. Correct. It's questioning the, again, the board has the obligation to consider all evidence on the record. Correct. So the question is whether the fact that there was no form specifically required the board. No, I don't think that's the issue I'm talking about. Okay. Let's put that aside. I don't think they've shown that they raised that issue. Okay. Okay. I don't see any place in Greece where they raised that. But there's another, so there's one possible agency error, the failure of the board to consider this on its own. Let's put that aside. Their other contention is that they raised the informed consent issue directly before the board, before the Veterans Court at the marriage stage. That was sufficient to raise the negligence per se issue, and that the board remand reflected a decision that there was agency error in not considering the negligence per se issue when they raised the informed consent issue. That's putting the best face on it. Okay? Okay. So why isn't it sufficient to raise the negligence per se issue when they argue about a lack of informed consent? My first answer would be that the question that the veteran specifically raised the issue sufficient to put the board on notice was not raised until the motion for panel consideration by Mr. Green. But that particular issue was not raised in the marriage stage, so how could the remand order be implicitly based on that agency error? That would be my first answer to that question. So what we're agreeing for is a brief asking for in-bank? Is that what you're saying? But isn't the brief on 368 addressed to the individual judge before the request for panel consideration? Yeah, 368. They refer to 384 in that. I guess I have the wrong number. I see the front of the column three. The question of whether he raised it, in fact, before the board or implicitly raised it before the board. That's a different question than whether the board fails in its duty to assist. I hope I'm not confusing. It's confusing. The question is whether they raised this issue about the lack of informed consent, whether that raised the negligence per se issue. Whether they, being Mr. Green? Yes. First of all, the consideration of whether this question itself is an application of law-to-fact question, whether it was specifically raised before the board, is not reviewable by this court. As far as whether negligence per se was raised, during the merit stage, that was not contested by Mr. Green. The question of whether he, in fact, raised that issue. Whether his failure to raise that one particular issue, Your Honor, is the question you have is, isn't that a lot to expect as a veteran? Am I understanding your question correctly? When he raised the informed consent issue, does he have to carry it forward and say it's negligence per se? Again, the responsibility of the board is to consider the evidence of record, consider the regulations, and to make a decision based on the record and the regulations.  There's no requirement that the agency read the regulations in this way. It's a very specific question. We would say that the informed consent issue was passed on. Maybe this one particular issue was not raised. But, again, whether it was raised before the court, that's another evidence with respect to the missing form. And all we know is that the form is missing. Is that sufficient for negligence per se? From the government's position on that issue? That would be a board determination. That would be a board's interpretation of its own regulations. Isn't that what the remand is supposed to do? Well, the remand was supposed to give the board the ability to read the regulations. This is how I suggest that you read the regulations. The board looks at those regulations and says, okay, we can read it that way. Why couldn't we find that they prevailed on that issue? And they're a prevailing party in obtaining a remand in order to visit the issue as to the missing form and to identify whether that constitutes negligence per se in this situation. Are you asking how that could be error? Why should we not decide that? Why should you not decide whether it's error? It was agency error and they're a prevailing party because they convinced us that they're a prevailing party on this particular issue and there's an agency error. Again, it would involve an interpretation of regulation, which the agency should be able to pass on in the first instance. Conceivably, if the regulation were to be clear and state that it was negligence per se for the board to fail to, it was negligence per se if the regulation was not, the form was not in the file, conceivably if the Veterans Court were to make that finding and say that it was incorrect for the board to not, for the board not to apply the regulations in that way. It depends on the language of the remand order. The remand order didn't require the board to do anything. Now, if the board were to require the, I'm sorry, if the board were to require the board, or excuse me, if the Veterans Court were to require the board to read the regulations in this way, that one can make an argument, yes, that that's based on agency error, but that's not what happened here. So basically what you're saying is that the Veterans Court said this issue wasn't properly raised, that that's binding on us because that's a water fact issue, and that all they were doing was as a matter of grace, allowing him to go back and raise this issue, which he hadn't properly raised before. Thank you very much. Mr. Cafferan, we'll give you two minutes of rebuttal time if you need it. In our opening CAVC brief on the merits, we argued that the board committed an error when it failed to address all law and regulations because it had erred in failing to require signature consent. But what the government is saying is that the question of whether you properly raised the issue is a water fact question. We can't pass on it. We have to accept their ruling that you didn't properly raise the negligence per se issue, and that what they were doing was as a matter of grace, allowing us to go back, even though the issue hadn't been properly raised. Why are we not stuck with the Veterans Court's characterization of what happened? We respectfully disagree, Your Honor, that this is an application of a water fact. In the court's killing decision, it was disputable whether the veteran raised that specific issue in front of the board. Yet this court still determined that it had jurisdiction, according to the VA, that it was based on a legal standard that was without disputed facts. As we indicated in our briefing, the Secretary of State doesn't provide any material disputed facts. After we raised the law and regulation issue in our opening brief, the VA came up with a new theory that the board had not adequately developed the record, and that's at A421. Only then did we have our 7104 argument with respect to the record. If the board had never considered the issue, as the VA argues, that it failed to comply with Section 7104 with respect to the record, that it failed to make its decision based on the entire record. We refer to that in A428-429, A430-431. Moreover, in addition, the rating examiner saw that it was an issue, that signed consent was an issue. He asked for the signed consent form and flagged it in the record. The board had the same record before it, including the memo indicating that signed consent form cannot be located. Thank you.